# APPENDIX 1 - EMAIL #1 FROM PLAINTIFF TO US COAST GUARD

Date: Sep 22, 2005 10:24 AM

From: AB2 Fisher at fisher-po
<IMCEACCMAIL-AB2+20Fisher+20at+20fisher-po@mscafloat.msc.navy.mil>

Mailed-By: mscafloat.msc.navy.mil

To:     jmauger@acteur.uscg.mil,[1]

    Georg Kenny <siuseafarer@aol.com>,

    donhamrick@gmail.com

Subject: AB HAMRICK REPORTING CHILD PORN ABOARD USNS FISHER

    FOR GEORG KENNY, PORT AGENT, SIU NORFOLK: Please forward to AMSEA (My request that I not be harassed or bullied aboard USNS FISHER for doing my job and doing the right thing in reporting child pornograph on the ship's crew email computer to the U.S. Coast Guard. It is obvious that the activities over the photo in question occurred before AMSEA took over the USNS FISHER. But why is this particular photo still on the email computer? Was no one taking the time to take a peek at the files by searching? I took the time. It took me about a pair of seconds to find this one photo. Whoever saved this photo in three places made it clear that the culprit wanted the photo to be found very easily. AMSEA, the master, and the chief mate ought to be grateful for my computer skills instead of the chief mate treating me with suspicion.)

    FOR AMSEA: Please don't shoot the messenger (me!). I am simply protecting myself from statistically immeninently possible retaliation and harassment. Please relay this back to the master of USNS FISHER in fairness.

---

LETTER FOLLOWS:

Mr. John Mauger, M.S., FPE
Marine Inspector/Investigator
USCG Activities/MIO Europe
UNIT 6713
Box 189 APO AE 09709
EMAIL: jmauger@acteur.uscg.mil

Dear Mr. Mauger,

    I find myself in another situation that has the potential to erupt into a case of discrimination or harassment,this time aboard USNS FISHER, a vessel currently operating under MSC authority in the Middle East for the Iraq situation via Kuwait.

    I reported aboard USNS FISHER on September 12, 2005 in Souda Bay, Crete. Because I had been ashore for a couple of months in front of my laptop day in and day out pushing federal civil cases for

---

[1] The Email address for Mr. John Mauger is no longer valid. The Plaintiff forwarded the same messages to Inspections@acteur.uscg.mil after he returned to the United States.

05 1993

FILED

OCT - 7 2005

NANCY MAYER WHITTINGTON, CLERK

the Second Amendment and other cases of seaman's rights to work aboard ship free of harassment and bullying I had become, in the sense of athletic condition, soft to the extent that even walking a half-mile working my hip muscles into a state of soreness. Getting back to work became necessary for not only my economic condition but for my athletic condition.

In the first few days aboard ship standing was in itself an exercise and standing my watches became my exercise, conditioning my lower back muscles were rewarded with minor aches and pains. As they say in all exercise rooms, "No pain? No gain!" However, my aches and pains were misconstrued as a medical condition of the lower back vertebrae and the spine. I was nearly discharged on a mutual consent condition based on this false presumption.

I begin to contradict all in attendance at this meeting, the master, the chief mate, the 3rd Mate, and the boatswain. All were adamant that I had a medical condition. Offering me a mutual consent was an insult to me and would not have served me to my benefit at all. When I begin to explain sedentary work habits at my laptop I was interrupted by the chief mate when he began to say the life ashore is not like life aboard ship, or some such drivel when the master interrupted the chief mate after he realized, I believe, that they may all be in the wrong and announced that I can go back to work as long as I can perform the duties of the Watchstanding AB. I assured the master that I am fit for duty.

So, the days pass. Then while on the bridge standing my watch I overhear the master discuss email problems with the third mate. Hearing the highlights of large files, high costs and other details and from what was filed in by later discussions with the third mate I decided to do a search of photograps or Bitmap images on the email computer. I am extremely knowledgeable with computers. I often give assistance to customers with their computer problems when I visit FedEx/Kinkos in Norfolk, Virginia.

I found hundreds of Playboy type photos that are obviously part of a screensaver. These types of photos flashing on screen may or may not violate the company's policy on sexual harassment. This is not the object of my complaint. In my own "personal investigation" searching through the files on the email computer I found on photograp that is apparently and most undeniably that of at least a 13-year-old girl posing nude, full frontal, shaving her pubic hair. If my determination that this photo is of an under-aged girl is confirmed by anyone in authority then this photo is evidence of child pornography.

Upon further inspection I found this photograph saved in 3 separate locations all on the same day and time: June 7, 2000:

```
C:\WINNT\scrnsvr\YOUNG CHICK SHAVING BUSH\iewall828.bmp    6/7/00 3:59pm
C:\WINNT\scrnsvr\New Folder\iewall828.bmp                  6/7/00 3:59pm
C:\WINNT\scrnsvr\iewall828.bmp                             6/7/00 3:59pm
```

I reported my findings to the 3rd Mate, my mate on watch. I requested that the 3rd Mate relay my findings to the master.

The next day or 2 days later I was on my way to the evening meal. I passed by the boatswain talking to the chief mate. As I waited for the elevator the chief mate told me not to be "dicking around" with the email computer.

I assured him that I don't "dick around" with computers. I looked at him strangely, wondering what he was told or what he believed he was told.

Nevertheless, I have had to "run-ins" with the officers on this ship, the USNS FISHER, simply for doing my job and doing the right thing in the face of evidence of criminal activity in child pornography.

Because of the chief mates admonishment of me for no rightful reason I must logically suspect one of two possibilities: (1) he was simply presuming that I am an incompetent computer user. And under

that condition, if I was ignorant of what I was doing then his admonishment would have stood the test of fairness. And I believe this to be the case given the facts at hand. However, I am not incompetent with computers. Therefore, my other suspicion is, (2) he has something to gain from his intimidation of me to keep me from taking peeks at computers for the files they contain. This is a logical assumption based upon human behavior that any police detective would have probable cause to investigate further. Will it lead to a blind alley of innocence? I don't know. But the behavior is suspicious. I am a new crew member and that chronically leads to being harassed until I gain the good graces of time and familiarity with the officers.

This complaint is sent under the protection of the Seaman's Whistle Blower law, 46 U.S.C. 2114. I urgently request to know what the procedures are that are followed by the U.S. Coast Guard upon receipt of a 46 U.S.C. 2114 complaint? And what the company can and cannot do against me for reporting the possibility of child pornography on the USNS FISHER.

The chief mate's antagonism over the email computer is a confirming behavior pattern of harassment that is most likely to worsen as time goes on. The chief mate left me with no choice but to protect myself from future harassment based on unfounded suspicions.

Mr. Mauger, will this complaint be a prelude to a criminal investigation into child pornography? I will advise the master not to allow anyone to tamper with crew's email computer. Taking the computer out of service of evidence preservation may be a consequence that will most likely be provacation for a greater degree of harassment and bullying against me as a consequence. This is what I am protecting myself against.

It is the degree and severity of any future harassment aboard the USNS FISHER that will determine with I fill a civil action. In other words, No harassment/bullying? No civil suit.

Signed:

Don Hamrick, AB, 12-4 Watch