# APPENDIX 10: 18 U.S.C. § 2252A SEXUAL EXPLOITATION AND OTHER ABUSE OF CHILDREN

## TITLE 18: CRIMES AND CRIMINAL PROCEDURE
## PART I: CRIMES
## CHAPTER 110 — SEXUAL EXPLOITATION AND OTHER ABUSE OF CHILDREN

*Release date: August 3, 2005. There are no CFR parts for which 18 USC § 2252A provides authority.*

## 18 U.S.C. § 2252A. CERTAIN ACTIVITIES RELATING TO MATERIAL CONSTITUTING OR CONTAINING CHILD PORNOGRAPHY

(a) **Any person who—**

(1) **knowingly mails, or transports or ships in interstate or foreign commerce by any means, including by computer, any child pornography;**

(2) **knowingly receives** or distributes—

(A) **any child pornography that has been mailed,** or shipped or transported in interstate or foreign commerce **by any means, including by computer;** or

(B) **any material that contains child pornography that has been mailed,** or shipped or transported in interstate or foreign commerce **by any means, including by computer;**

(3) **knowingly—**

(A) **reproduces any child pornography for distribution through the mails, or in interstate or foreign commerce by any means, including by computer;** or

(B) **advertises, promotes, presents, distributes,** or solicits through the mails, or in interstate or foreign commerce by any means, including by computer, **any material or purported material in a manner that reflects the belief, or that is intended to cause another to believe, that the material or purported material is, or contains—**

(i) **an obscene visual depiction of a minor engaging in sexually explicit conduct; or**

(ii) **a visual depiction of an actual minor engaging in sexually explicit conduct;**

(4) either—

(A) in the special maritime and territorial jurisdiction of the United States, or on any land or building owned by, leased to, or otherwise used by or under the control of the United States Government, or in the Indian country (as defined in section 1151), knowingly sells or possesses with the intent to sell any child pornography; or

(B) knowingly sells or possesses with the intent to sell any child pornography that has been mailed, or shipped or transported in interstate or foreign commerce by any means, including by computer, or that was produced using materials that have been mailed, or shipped or transported in interstate or foreign commerce by any means, including by computer;

(5) either—

(A) **in the special maritime and territorial jurisdiction of the United States,** or on any land or building owned by, leased to, or otherwise used by or under the control of the United

05 1993

FILED
OCT - 7 2005
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

country (as defined in section 1151), **knowingly possesses** any book, magazine, periodical, film, videotape, **computer disk**, or any other material **that contains an image of child pornography**; or

(B) knowingly possesses any book, magazine, periodical, film, videotape, computer disk, or any other material that contains an image of child pornography that has been mailed, or shipped or transported in interstate or foreign commerce by any means, including by computer, or that was produced using materials that have been mailed, or shipped or transported in interstate or foreign commerce by any means, including by computer; or

(6) knowingly distributes, offers, sends, or provides to a minor any visual depiction, including any photograph, film, video, picture, or computer generated image or picture, whether made or produced by electronic, mechanical, or other means, where such visual depiction is, or appears to be, of a minor engaging in sexually explicit conduct—

(A) that has been mailed, shipped, or transported in interstate or foreign commerce by any means, including by computer;

(B) that was produced using materials that have been mailed, shipped, or transported in interstate or foreign commerce by any means, including by computer; or

(C) which distribution, offer, sending, or provision is accomplished using the mails or by transmitting or causing to be transmitted any wire communication in interstate or foreign commerce, including by computer,

**for purposes of inducing or persuading a minor to participate in any activity that is illegal.**[6]

**shall be punished as provided in subsection (b).**

**(b)**

(1) Whoever violates, or attempts or conspires to violate, paragraph (1), (2), (3), (4), or (6) of subsection (a) shall be fined under this title and imprisoned not less than 5 years and not more than 20 years, but, if such person has a prior conviction under this chapter, chapter 71, chapter 109A, or chapter 117, or under section 920 of title 10 (article 120 of the Uniform Code of Military Justice), or under the laws of any State relating to aggravated sexual abuse, sexual abuse, or abusive sexual conduct involving a minor or ward, or the production, possession, receipt, mailing, sale, distribution, shipment, or transportation of child pornography, such person shall be fined under this title and imprisoned for not less than 15 years nor more than 40 years.

(2) Whoever violates, or attempts or conspires to violate, subsection (a)(5) shall be fined under this title or imprisoned not more than 10 years, or both, but, if such person has a prior conviction under this chapter, chapter 71, chapter 109A, or chapter 117, or under section 920 of title 10 (article 120 of the Uniform Code of Military Justice), or under the laws of any State relating to aggravated sexual abuse, sexual abuse, or abusive sexual conduct involving a minor or ward, or the production, possession, receipt, mailing, sale, distribution, shipment, or transportation of child pornography, such person shall be fined under this title and imprisoned for not less than 10 years nor more than 20 years.

---

[6] So in original.

(c) It shall be an affirmative defense to a charge of violating paragraph (1), (2), (3)(A), (4), or (5) of subsection (a) that—

(1)

(A) the alleged child pornography was produced using an actual person or persons engaging in sexually explicit conduct; and

(B) each such person was an adult at the time the material was produced; or

(2) the alleged child pornography was not produced using any actual minor or minors.

No affirmative defense under subsection (c)(2) shall be available in any prosecution that involves child pornography as described in section 2256 (8)(C). A defendant may not assert an affirmative defense to a charge of violating paragraph (1), (2), (3)(A), (4), or (5) of subsection (a) unless, within the time provided for filing pretrial motions or at such time prior to trial as the judge may direct, but in no event later than 10 days before the commencement of the trial, the defendant provides the court and the United States with notice of the intent to assert such defense and the substance of any expert or other specialized testimony or evidence upon which the defendant intends to rely. If the defendant fails to comply with this subsection, the court shall, absent a finding of extraordinary circumstances that prevented timely compliance, prohibit the defendant from asserting such defense to a charge of violating paragraph (1), (2), (3)(A), (4), or (5) of subsection (a) or presenting any evidence for which the defendant has failed to provide proper and timely notice.

(d) Affirmative Defense.— It shall be an affirmative defense to a charge of violating subsection (a)(5) that the defendant—

(1) possessed less than three images of child pornography; and

(2) promptly and in good faith, and without retaining or allowing any person, other than a law enforcement agency, to access any image or copy thereof—

(A) took reasonable steps to destroy each such image; or

(B) reported the matter to a law enforcement agency and afforded that agency access to each such image.

(e) Admissibility of Evidence.— On motion of the government, in any prosecution under this chapter or section 1466A, except for good cause shown, the name, address, social security number, or other nonphysical identifying information, other than the age or approximate age, of any minor who is depicted in any child pornography shall not be admissible and may be redacted from any otherwise admissible evidence, and the jury shall be instructed, upon request of the United States, that it can draw no inference from the absence of such evidence in deciding whether the child pornography depicts an actual minor.

(f) Civil Remedies.—

(1) In general.— Any person aggrieved by reason of the conduct prohibited under subsection (a) or (b) or section 1466A may commence a civil action for the relief set forth in paragraph (2).

(2) Relief.— In any action commenced in accordance with paragraph (1), the court may award appropriate relief, including—

(A) temporary, preliminary, or permanent injunctive relief;

(B) compensatory and punitive damages; and

(C) the costs of the civil action and reasonable fees for attorneys and expert witnesses.