## APPENDIX 11: 46 U.S.C. § 2000bb RELIGIOUS FREEDOM RESTORATION

### TITLE 42 — THE PUBLIC HEALTH AND WELFARE
### CHAPTER 21B — RELIGIOUS FREEDOM RESTORATION

*Release date: 2005-02-25. There are no CFR parts for which 42 USC 2000bb et seq provides authority.*

## 46 U.S.C. § 2000bb. CONGRESSIONAL FINDINGS AND DECLARATION OF PURPOSES

(a) Findings

The Congress finds that—

(1) the framers of the Constitution, recognizing free exercise of religion as an unalienable right, secured its protection in the First Amendment to the Constitution;

(2) laws "neutral" toward religion may burden religious exercise as surely as laws intended to interfere with religious exercise;

(3) governments should not substantially burden religious exercise without compelling justification;

(4) in Employment Division v. Smith, 494 U.S. 872 (1990) the Supreme Court virtually eliminated the requirement that the government justify burdens on religious exercise imposed by laws neutral toward religion; and

(5) the compelling interest test as set forth in prior Federal court rulings is a workable test for striking sensible balances between religious liberty and competing prior governmental interests.

(b) Purposes

The purposes of this chapter are—

(1) to restore the compelling interest test as set forth in Sherbert v. Verner, 374 U.S. 398 (1963) and Wisconsin v. Yoder, 406 U.S. 205 (1972) and to guarantee its application in all cases where free exercise of religion is substantially burdened; and

(2) to provide a claim or defense to persons whose religious exercise is substantially burdened by government.

## 46 U.S.C. § 2000bb-1. FREE EXERCISE OF RELIGION PROTECTED

(a) In general

Government shall not substantially burden a person's exercise of religion even if the burden results from a rule of general applicability, except as provided in subsection (b) of this section.

(b) Exception

Government may substantially burden a person's exercise of religion only if it demonstrates that application of the burden to the person—

(1) is in furtherance of a compelling governmental interest; and

(2) is the least restrictive means of furthering that compelling governmental interest.

(c) Judicial relief

A person whose religious exercise has been burdened in violation of this section may assert that violation as a claim or defense in a judicial proceeding and obtain appropriate relief against a government. Standing to assert a claim or defense under this section shall be governed by the general rules of standing under article III of the Constitution.

05 1993

FILED
OCT - 7 2005
NANCY MAYER WHITTINGTON, CLI
U.S. DISTRICT COURT

## 46 U.S.C. § 2000bb–2. Definitions

As used in this chapter—

(1) the term "government" includes a branch, department, agency, instrumentality, and official (or other person acting under color of law) of the United States, or of a covered entity;

(2) the term "covered entity" means the District of Columbia, the Commonwealth of Puerto Rico, and each territory and possession of the United States;

(3) the term "demonstrates" means meets the burdens of going forward with the evidence and of persuasion; and

(4) the term "exercise of religion" means religious exercise, as defined in section 2000cc–5 of this title.

---

46 U.S.C. § 2000cc–5(7)(A): Definition of *"religious exercise"*

The term "religious exercise" includes any exercise of religion, whether or not compelled by, or central to, a system of religious belief.

## 46 U.S.C. § 2000bb–3. Applicability

(a) In general

This chapter applies to all Federal law, and the implementation of that law, whether statutory or otherwise, and whether adopted before or after November 16, 1993.

(b) Rule of construction

Federal statutory law adopted after November 16, 1993, is subject to this chapter unless such law explicitly excludes such application by reference to this chapter.

(c) Religious belief unaffected

Nothing in this chapter shall be construed to authorize any government to burden any religious belief.