# United States District Court
# For the District of Columbia

**FILED**

OCT - 7 2005

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Don Hamrick, U.S. Merchant Seaman )
    5860 Wilburn Road )
    Wilburn, AR 72179 )
        Petitioner )
)
v. )
)
Vice Admiral David L. Brewer III, USN )
Commander )
Military Sealift Command )
914 Charles Morris Ct. SE )
Washington Navy Yard, DC 20398-5540 )

CASE NUMBER 1:05CV01993

Peter Lawrence, President
American Overseas Marine
General Dynamics
116 E. Howard St.,
Quincy, MA 02169
Fax Number: (617) 773-4436

JUDGE: Henry H. Kennedy

DECK TYPE: TRO/Preliminary Injunction

DATE STAMP: 10/07/2005

Robert C. Wattam, Master )
USNS FISHER )
(Address refused) )
)
    Respondents )

# SEAMAN'S SUIT

## MOTION FOR TEMPORARY INJUNCTION

## MOTION FOR SUBPOENA OF EVIDENCE

The Plaintiff hereby Motions the Court for a Temporary Injunction to issue against I

    WHEREAS the Discharge Letter makes no mention of Plaintiff's search of the ship's email computer for photographs in JPEG, GIF, or BMP file format and the subsequent discovery of hundreds of pornographic photos in BMP format under a Screensaver program's folder.

    WHEREAS the Plaintiff witnessed the master, and members of the Engine Department, of which the Plaintiff presumes those individuals to be the Chief Engineer and others of the Engine Department

2

streaming from the Email Computer room the day after the Plaintiff changed the Screensaver from "kaleidoscope" to Marquee and posting a message in the Marque not to erase the files on the Email Computer that the photographs on the computer are evidence for a possible Coast Guard investigation.

WHEREAS the Plaintiff acted in accordance with his religious beliefs that immediate action must be taken against child pornography whenever and wherever it is found. That such immediate action is within the Law of God and within the meaning of the "Common Defence" clause of the Preamble to the U.S. Constitution protecting innocent children depicted in child pornography is part and partial of the Common Defence.

WHEREAS the master ordered the Plaintiff confined to his quarters under continuous military guard. The manner in which the master conducted the meeting precipitating the Plaintiff's firing leads the master vulnerable to the allegation that the master did not want the Plaintiff uncovering any more evidence of wrongdoing.

WHEREAS the entire situation leads the Plaintiff to believe that the Master and the Chief Engineer may have already deleted those files or reformatted the harddrive on their on volition in their attempt to remove any evidence of those pornographic photographs prior to a Coast Guard investigation.

WHEREAS if the harddrive is found to have been sanitized the Plaintiff asserts on his own testimony as the victim of wrongful and malicious firing and as a witness noted that the Third Mate also witnessed the same photograph as the Plaintiff as a corroborating witness that the removal of those pornographic photos under the circumstances that existed at the time of their presumed removal would constitute a federal crime of destroying evidence of child pornography.

WHEREAS since the possibility exists that the harddrive has been sanitized and if that possibility proves to be the case then that would imply criminal activity in the destruction of evidence.

WHEREAS the master has displayed evidentiary deception with the facts of the discharge for cause that there is a reasonable expectation with high probability that the company will deny the Plaintiff future employment and seek punitive action against the Plaintiff with the union in further retaliation against the Plaintiff.

THEREFORE, the Plaintiff motions the Court for the for (1) a temporary injunction against the company from denying employment to the Plaintiff until the case is resolved or until all appeals have been exhausted; and (2) the issuance of a Subpoena/Search Warrant for the harddrive from that Email

Computer aboard the USNS FISHER to preserve the photographic evidence adult and child pornography. The Plaintiff requests that the harddrive be inspected by federal authorities upon receipt of the harddrive to determine the existence of adult and child pornography photographs. If it should be discovered that the harddrive was sanitized prior to federal authorities gaining possession of that harddrive then the harddrive should be examined by data recovery experts for the possible retrieval of the pornographic files. If the harddrive from that email computer was removed for the purpose to hiding or destroying evidence and that harddrive is not readily available then a search warrant for the entire ship and/or a search warrant for the offices of American Overseas Marine would be the next logical step.

The Plaintiff presumes the execution of the subpoena and/or search warrant will be done by federal law enforcement officers in liaison with the Military Sealift Command.

With the foregoing hereby stated the Plaintiff prays the Court to issue a Temporary Injunction against the Defendant Company from denying all future employment opportunities to the Plaintiff.

Respectfully submitted,

Don Hamrick
5860 Wilburn Road
Wilburn, Arkansas 72179
Email: donhamrick@gmail.com

## CERTIFICATE OF SERVICE

I, the Don Hamrick, HEREBY CERTIFY that on October 5, 2005, I caused service of the foregoing upon Vice Admiral David L. Brewer III, USN, Commander of the Military Sealift Command, and Peter Lawrence, President of American Overseas Marine.

Don Hamrick
5860 Wilburn Road
Wilburn, Arkansas 72179
Email: donhamrick@gmail.com