## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **DON HAMRICK,**<br><br>    Plaintiff,<br><br>    v.<br><br>**DAVID L. BREMER, III, et al.,**<br><br>    Defendants. | Civil Action 05-01993 (HHK) |

### MEMORANDUM OPINION

This suit was initiated by the filing of a complaint that purports to assert a litany of causes of action, including claims under the Age Discrimination in Employment Act, the Religious Freedom Restoration Act, and Title VII, as well as a variety of common law claims. Embedded in the rambling and expansive language of the complaint, however, are suggestions of other causes of action. For example, on page thirty-three of this fifty-six page complaint, to which is attached sixteen appendices, is a list of eight "possible crimes committed by the master," among them "18 U.S.C. § 241, Conspiracy Against Rights; 18 U.S.C. § 242, Deprivation of Rights Under Color of Law; and 18 U.S.C. § 245(b)(1)(C), Federally Protected Activities." Further, the complaint is filled with excerpts of poetry and music, references to various articles, and recitations of various provisions of the Federal Rules of Evidence.

Fed. R. Civ. P. ("Rule") 8(a)(2) states that a complaint must contain a "short and plain statement showing that the pleader is entitled to relief." The purpose of Rule 8(a)(2) is to give fair notice of the claim being asserted so that the defendant will have an opportunity to file a

responsive answer, prepare an adequate defense, and determine whether the doctrine of *res judicata* applies.  *See Conley v. Gibson*, 355 U.S. 41, 47 (1957); *Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977).   The complaint here does not comply with the requirements of the Rule.  It is outrageously long-winded and redundant, and hides the substance of its claims within its prolixity.  Defendants should not be forced to spend time and energy in attempting to decipher Hamrick's utterly confusing and lengthy pleading.

Courts have not hesitated to dismiss actions under Rule 8(a)(2) where, as here, the complaint sets forth "a meandering, disorganized, prolix narrative" or was "so verbose, confused and redundant that its true substance, if any, is well disguised."  *Brown*, 75 F.R.D. at 499 (citations omitted).  Such dismissals may be made on motion or *sua sponte* by the court. *Resource N.E. of Long Island, Inc. v. Babylon*, 28 F. Supp. 2d 786, 794 (E.D.N.Y. 1998) (citations omitted).  A sua sponte dismissal is warranted here but such dismissal will be without prejudice, the usual remedy for noncompliance with Rule 8(a)(2).  *Brown*, 75 F.R.D. at 499 (citations omitted); *Resource N.E.*, 28 F. Supp. 2d at 796 (citation omitted). Plaintiff is warned however, that he "will have to pare the [c]omplaint significantly to satisfy Rule 8." *Id.*  If an amended complaint is filed that merely recycles the complaint presently before the court it will be dismissed with prejudice.[1]

---

[1] Apparently, plaintiff is not new to litigation.  Plaintiff states that he has "educated himself extensively in seaman's rights, civil rights, constitutional law, and the Bill of Rights because he has been pushing a Second Amendment case through the federal courts for the last three (3 years)." Compl. at pp. 9–10.  Therefore, he should be knowledgeable about the pleading requirements of the Federal Rules of Civil Procedure.

For the foregoing reasons, the complaint will be dismissed without prejudice. An appropriate order accompanies this memorandum.

                                                  Henry H. Kennedy, Jr.
                                                  United States District Judge

Dated: October 20, 2005